## SAMUEL J. GRAY v. JOHN E. FINN ET AL.

*Taxes—Fraudulent transfer—Replevin.*

A vendee who claims under a pretended sale, made without consideration, and for the express purpose of defeating the collection of a tax from the vendor, cannot maintain replevin for the property, the possession of which has been retained by the vendor, against a tax collector who has seized it to satisfy the tax.[1]

Error to St. Clair. (Canfield, J.) Submitted on briefs March 10, 1893. Decided June 16, 1893.

Replevin. Plaintiff brings error. Affirmed. The facts are stated in the opinion.

*Frank Whipple,* for appellant.

---

[1] For cases involving the construction of How. Stat. § 8318, which prohibits replevin for property seized by virtue of a tax warrant, see *Hood v. Judkins,* 61 Mich. 576; *Hill v. Graham,* 72 Id. 660; *Lumber Co. v. Dean,* 73 Id. 460; *Boyce v. Peterson,* 84 Id. 490; *Boyce v. Stevens,* 86 Id. 549; *Tousey v. Post,* 91 Id. 631; *Lantis v. Reithmiller,* 95 Id. 45; and see *Mogg v. Hall,* 83 Mich. 576, holding that a township treasurer is not liable in trover for property seized under a tax roll and warrant fair upon their face.

*P. H. Phillips,* for defendants.

GRANT, J.   Defendant Finn was collector of taxes for the Fourth ward of the city of Port Huron. By virtue of his tax warrant he levied upon certain personal property as belonging to one Lewis Potts, to satisfy a personal tax assessed against him. Plaintiff, claiming to own the property, brought this action of replevin to recover it. As evidence of title he introduced a bill of sale from Potts to him.

The court instructed the jury as follows:

"It is the claim of plaintiff that at the time when the property was taken he was the owner of it; that he had a bill of sale of the same from Lewis Potts, who had been previously the owner of most of the property; and that by virtue of that he was entitled to possession. The defendants, on the other hand, claim that at the time of the commencement of this suit the property in question was owned by Lewis Potts, and in his possession, and not the property of plaintiff, or in the possession of plaintiff. It appears that, at the time the property was taken by Mr. Finn and the other defendants, it was here, in the city of Port Huron, situate in a barn; and it is the claim of plaintiff that at that time it was in his possession; that he had it in his possession, and under his bill of sale. The defendants claim that as a matter of fact it was not in his possession, but was at the time the property of Mr. Potts, and was in the possession of Mr. Potts; that the plaintiff was Mr. Potts' hired man, and was taking charge of the horse, as usual, as he had before he claims to have bought it, and as usual for a man in his situation to be taking care of it. Now, in regard to the question of fact, as to the ownership and actual possession, and right of possession, of this property, it is for you to determine, from all the facts and circumstances of the case. The claim of defendants, you will understand, is that the transaction between Potts and Gray was simply a pretense; that it was a bill pretending sale, for the purpose of having it said that the property belonged to Mr. Gray, in order that Mr. Potts might avoid the payment of his taxes. On the contrary, Mr. Gray claims it was an actual transfer to him, in good faith. Now, as

to whether it was a mere pretense is a matter for you to determine from all the facts and circumstances in the case. You should consider all the testimony that has been given in view of the transaction, in the light of the circumstances, and satisfy yourself, as ordinary, unbiased men, what the truth is in that regard; and if the property is not the property of Mr. Gray, and was not in the possession of Mr. Gray, at the time it was taken, then the defendants would be entitled to a verdict in this case."

The court further instructed the jury that if they found that plaintiff was the owner of the property, and entitled to the possession, their verdict should be for the plaintiff; but if they found that he was not the owner, and not entitled to the possession, but that Mr. Potts was the owner and in possession at the time the property was seized by the defendants, then their verdict should be for the defendants.

Under the evidence and the charge of the court, the jury settled the following facts:

1. That the title and possession were in Mr. Potts.
2. That the pretended bill of sale was given with no intention to pass either title or possession to plaintiff, but that it was given for the express purpose of preventing a levy by the tax collector.

There was ample evidence to sustain the verdict.

Only judgment creditors can assail a transfer of property by a debtor as fraudulent, and a valid judgment is necessary to enable the creditor to make the attack. *Millar v. Babcock,* 29 Mich. 526. But we do not think this rule obtains where the person against whom a tax is assessed makes a pretended sale of the property for the express purpose of preventing a levy, retains possession of it, receives no consideration, and the pretended vendee participates in the fraud, and takes the bill of sale in order to assist in defeating the collection of the tax. Such party stands in no better position than his pretended vendor to contest the validity of the tax. Otherwise the statute

(How. Stat. § 8318) which prohibits replevin for property seized by virtue of a tax warrant could be very readily evaded. The question as to the validity of the tax warrant therefore becomes immaterial.

Judgment affirmed.

The other Justices concurred.