GEORGE N. FLETCHER ET AL. V. WILLIAM H. POST, TREASURER OF THE CITY OF ALPENA.

*Taxes—Assessment of personalty to one not the owner—Validity —Replevin—Partnership property—Evidence.*

1. Section 85 of the tax law of 1889, which provided that no tax assessed upon any property, or sale therefor, should be held invalid on account of the property having been assessed without the name of the owner, or in the name of any person other than the owner, or on account of any other irregularity, informality, or omission, or want of any matter of form or substance in any proceeding that should not prejudice the rights of the person whose property was taxed, is applicable to an assessment made in 1891 under the tax law of 1889, although the taxes were extended under the tax law of 1891, which seems to limit the curative provision, as to assessments of property in the name of any person other than the owner, to assessments of *real* property.

2. The effect of the decisions in *Lumber Co. v. Collins*, 66 Mich. 64; *Dairy Co. v. McKinlay*, 70 Id. 574; *Hill v. Graham*, 72 Id. 659; and *Bradley v. Bouchard*, 85 Id. 18,—which construe the curative provisions of the tax law of 1882, and subsequent acts, as to assessments of property in the name of any person other than the true owner,—is to establish that the misnomer does not have the effect to mislead the real owner of the property, and to hold him subject to the same liability as though the tax had been regularly levied in the proper name.

3. In replevin by a firm of firm property seized to satisfy a tax intended to be assessed upon the property of the firm, but which was by mistake assessed in the name of one of the partners, it is not competent for the plaintiffs to attack the validity of the tax by proof of infirmities in the tax proceedings not appearing upon the face of the roll.

4. Where, in such a case, there is no direct evidence that the property included in the assessment was the property of the firm, it is error for the court to instruct the jury that that fact is not contested by the plaintiffs.

Error to Alpena.    (Kelley, J.)    Argued February 13, 1895.    Decided March 19, 1895.

Replevin.   Plaintiffs bring error.   Reversed.   The facts are stated in the opinion.

*McDonell & Hall,* for appellants.

*J. D. Turnbull* (*Frank Emerick,* of counsel), for defendant.

MONTGOMERY, J.   This is an action of replevin for property seized by the defendant while city treasurer of Alpena, to satisfy a tax assessed against George N. Fletcher in the year 1891.  Verdict was directed in favor of defendant for the amount of the tax, and the plaintiffs appealed.

1. It is contended by the plaintiffs that the assessment against George N. Fletcher does not justify the seizure of specific partnership property belonging to the firm of George N. Fletcher & Sons.   This is generally true. *Haynes v. Knowles,* 36 Mich. 408; *Hutchinson v. Dubois,* 45 Id. 143.   The circuit judge, however, sustained the defense on the ground that the assessment was intended to be upon the firm property, and that the assessment in the name of George N. Fletcher was not such an irregularity as worked a prejudice to the plaintiffs, and, in so holding, relied upon the decisions of this Court in *Petrie Lumber Co. v. Collins,* 66 Mich. 64; *Michigan Dairy Co. v. McKinlay,* 70 Id. 574; *Hill v. Graham,* 72 Id. 659; *Bradley v. Bouchard,* 85 Id. 18.   Plaintiffs' counsel contended, however, that the statute was so amended in 1891 as to render these decisions inapplicable.   Section 84 of the statute of 1882[1] provided that—

"No tax assessed upon any property, or sale therefor, shall be held invalid on account of any irregularity in any assessment, or on account of any assessment or tax roll not having been made or proceeding had within the time required by law, or on account of the property having been

[1]Act No. 9.

assessed without the name of the owner, or in the name of any person other than the owner."

This provision was substantially re-enacted in 1885 and 1889. In 1891 the corresponding section (86) was amended so as to read:

"No tax assessed upon any property, or sale therefor, shall be held invalid on account of any irregularity in any assessment, or on account of any assessment or tax roll not having been made or proceeding had within the time required by law, or on account of real property having been assessed without the name of the owner, or in the name of any person other than the owner," etc.

If this law were the one under which the assessment in question was made, there would be difficulty in holding that the insertion of the word "real" was not with the purpose of limiting the curative provisions to cases where the error in the name occurred in assessments of real property. But, as this tax was assessed in 1891, the assessment roll must have been prepared under the prior law, and all that would remain to be done by the assessing officer after the act of 1891 took effect would be to extend the taxes on the assessment roll as required by section 27. The property had been previously listed for assessment. The repealing clause in the act of 1891 provided that the repeal should in no manner affect any rights which might have accrued or might thereafter accrue under prior acts. We think, therefore, that the curative provisions of the act of 1889 should be held applicable to this case.

2. Error is assigned upon the refusal of the court to permit the plaintiffs to show that a portion of the tax by which the defendant sought to establish his lien was illegal and void. The proposition was not to show any infirmity appearing upon the face of the tax roll, but that certain taxes were illegally assessed; for instance, that the school tax contained a levy of a certain sum which was

unauthorized; that the road and bridge fund was comprised in the county tax; that the agricultural tax, and a certain sum voted for sheriff's salary, were included in the amount spread. The circuit judge ruled that this was not admissible. The question is ruled by *Hill v. Graham*, 72 Mich. 659. Counsel seek to distinguish this case from a case where the tax was assessed in the name of the owner. But that identical question was involved in *Hill v. Graham*. The effect of the decisions of this Court upon the act of 1882 and subsequent acts is to establish that the misnomer did not have the effect to mislead the real owner of the property, and to hold him subject to the same liability as though the tax had been regularly levied in the proper name.

3. The judge, in his charge, stated to the jury that it was not contested but that the taxes upon the roll, for which the levy was made, were assessed to George N. Fletcher, and the property assessed was the property of Fletcher & Sons. In this the court, we think, committed an error. The assessing officer was not called to the stand. The assessment appearing upon the roll was an assessment of personal property against George N. Fletcher. There was no specific designation of what property was assessed, except in one instance,—the "pulp-mill property" (personal) was assessed at $20,000. But there were other large assessments, one of $95,000 and one of $3,100, and there was no direct evidence that the property included in the assessment was the property of George N. Fletcher & Sons. This testimony should have been supplied. If it had appeared as a fact that the property so assessed was the property of Fletcher & Sons, we think the case would fall within the previous decisions of this Court; but for this defect of proof the judgment must be reversed, and a new trial ordered.

LONG, GRANT, and HOOKER, JJ., concurred. McGRATH, C. J., did not sit.