IRON STAR CO. *v.* WEHSE.

TAXES—MISTAKE IN OWNER'S NAME—VALIDITY OF ASSESSMENT.

Under Act No. 206, Pub. Acts 1893, § 99, providing that no tax shall be held invalid on account of the property having been assessed in the name of any person other than the owner, a corporation cannot complain because its property, real and personal, was assessed in a name other than its own, where it appears that it was also known by the name used in the assessment, that it had in a previous year paid taxes so assessed, and that its agent appeared before the board of review to obtain a reduction of the assessment in question, but made no objection to the name.

Error to Iron; Stone, J. Submitted June 7, 1898. Decided July 12, 1898.

Replevin by the Iron Star Company against Richard Wehse, treasurer of Crystal Falls township, for property seized for taxes. From a judgment for defendant, plaintiff brings error. Affirmed.

The circuit judge cited the following cases in support of his conclusion that the plaintiff could not complain of the irregularity in the assessment: *Hood* v. *Judkins*, 61 Mich. 575; *Lumber Co.* v. *Collins*, 66 Mich. 64; *Dairy Co.* v. *McKinlay*, 70 Mich. 574; *Hill* v. *Graham*, 72 Mich. 659; *Lumber Co.* v. *Dean*, 73 Mich. 459; *Mogg* v. *Hall*, 83 Mich. 576; *Boyce* v. *Peterson*, 84 Mich. 490; *Bradley* v. *Bouchard*, 85 Mich. 18; *Boyce* v. *Stevens*, 86 Mich. 549; *Lumber Co.* v. *Village of Oscoda*, 97 Mich. 221; *Fletcher* v. *Post*, 104 Mich. 424; *Hinds* v. *Township of Belvidere*, 107 Mich. 664; *Curtiss* v. *Witt*, 110 Mich. 131.

*Moore & Moore*, for appellant.

*Fred H. Abbott*, for appellee.

HOOKER, J. The finding of the circuit judge shows

that the plaintiff was in possession of and operating a mine known as the "Great Western Mine," and that the defendant seized some of its personal property for nonpayment of taxes upon this mine and personal property used in connection with it. The property taken was replevied, and the plaintiff appeals from an adverse verdict.

The taxes in question appeared upon the roll against the Great Western Iron Company, instead of the Iron Star Company; and the plaintiff's name did not appear upon the roll. The finding makes it plain that this was a mistake in the listing of the lands, and that the plaintiff was known by both names. The tax upon the real property for the year 1894 was assessed in the same way, and, although contested upon the hearing of the petition of the auditor general upon other grounds, no objection was taken to its assessment to the Great Western Iron Company. The personal tax for that year was paid by the plaintiff. Its agent also appeared before and was heard by the board of review in 1895 upon the assessment for that year, and obtained a reduction of $25,000 in the assessment, but made no objection that assessment was made in the name of the Great Western Iron Company. He testified, however, that the fact was not brought to his attention.

The case is ruled by the authorities cited by the learned circuit judge in his findings of law. See, also, section 99, Act No. 206, Pub. Acts 1893.

The judgment is affirmed.

The other Justices concurred.