CHIPPEWA HARDWARE CO. *v.* ATWOOD.

1. TAXATION—ASSESSMENT—PARTNERSHIP ASSOCIATIONS—IDENTITY OF PARTIES.

     A seizure of the property of a partnership association to satisfy a tax assessed against its predecessor in business cannot be sustained on the ground that the parties are practically identical, where such association was not in existence at the time the assessment was made, and some of its stockholders had no interest whatever in the former business.

2. SAME—SALE OF PERSONALTY—TAX LIEN.

     A *bona fide* purchaser of personal property prior to the 1st day of December in any year takes it free from any lien for taxes assessed against the seller for that year. 1 Comp. Laws, §§ 3840, 3863.

Case made from Chippewa; Steere, J. Submitted April 18, 1901. Decided July 2, 1901.

Replevin by the Chippewa Hardware Company, Limited, against Frank B. Atwood, treasurer of the city of Sault Ste. Marie, to recover property seized for taxes. There was a judgment for defendant, and plaintiff assigns error. Reversed.

*E. S. B. Sutton* (*C. L. Collins*, of counsel), for appellant.

*John W. Shine*, for appellee.

HOOKER, J. The Ferguson Hardware Company did business in Sault Ste. Marie for many years. In 1896 it was succeeded by the Ferguson Hardware Company, Limited. The property replevied was originally purchased by the Ferguson Hardware Company, Limited, in the usual course of its business. Subsequently, and in 1898, it gave a chattel mortgage upon the same to George E. C. Seaman, as trustee for its creditors, and in April, 1899, he

took possession under the mortgage.   On May 12th he
sold it at foreclosure sale to Sutton, trustee for a Mr. Ches-
brough, who was both a stockholder and a creditor of the
Ferguson Hardware Company, Limited.   Between May
12th and June 26th, Sutton, in good faith, transferred his
title to Chesbrough, and on or before June 26th Ches-
brough gave a bill of sale to the Chippewa Hardware
Company, Limited, whose articles of association are dated
June 1st, and acknowledged on that date by Chesbrough
and wife, and on June 22d by Seaman and other stock-
holders.   The plaintiff continued to own the property un-
til after the date of the commencement of this action.
The stock of hardware was assessed on the roll for the
year 1899 to the "Ferguson Hardware Company," as it
had been for the years 1896, 1897, and 1898, the taxes for
those years having been paid by the Ferguson Hardware
Company, Limited, in whose name they should have been
assessed.   *Petrie Lumber Co.* v. *Collins,* 66 Mich. 64
(32 N. W. 923); *Iron Star Co.* v. *Wehse,* 117 Mich. 487
(76 N. W. 66).   The defendant, who is tax collector for
the city, levied upon this property for the purpose of en-
forcing payment of the tax, and the plaintiff replevied it.
The cause was tried by the court without a jury, and a
judgment was rendered for the defendant, from which
plaintiff has appealed.

The findings of fact show the foregoing facts, and,
further, that Chesbrough and Church organized the Fer-
guson Hardware Company, Limited.   In April, 1899,
Chesbrough, who had acquired the interest of Church in
the Ferguson Hardware Company, Limited, caused the
trust mortgage to be foreclosed.   The principal owners of
the stock of these companies were Chesbrough and Church,
some others, holding small interests, being associated with
them; but there have at all times been some stockholders
of the plaintiff company who were not stockholders in the
Ferguson Company.   Chesbrough had no ownership of
any of this property, except such as the ownership of his
shares of stock gave him.

The court was of the opinion that the parties seeking to replevy are practically the same against whom the property was assessed, and that the assessment under the name of the Ferguson Company was not, therefore, fatal to defendant's right to collect; citing the cases of *Petrie Lumber Co.* v. *Collins, supra; Gratwick, etc., Lumber Co.* v. *Village of Oscoda*, 97 Mich. 221 (56 N. W. 600); *Fletcher* v. *Post*, 104 Mich. 424 (62 N. W. 574); *Iron Star Co.* v. *Wehse*, 117 Mich. 487 (76 N. W. 66); *Gray* v. *Finn*, 96 Mich. 62 (55 N. W. 615). We consider the first four cases cited by the court not in point, for the reason that the plaintiff did not exist, and was not, therefore, subject to be assessed, until June 1st. Moreover, it had no property until some time after it was organized. The case of *Gray* v. *Finn* might be in point if we were able to say that this was a pretended and fraudulent sale, and the property had been levied upon as the property of the Ferguson Hardware Company, Limited. But this was not found by the circuit judge. The two companies were different persons in the law, composed of different stockholders. The judge found that the foreclosure proceedings were regular, and the sale and transfer made in good faith; and the fact that Chesbrough and Church were largely interested throughout is not enough to make them liable for the tax of the Ferguson Company, Limited, or "in privity with the [former] owners to such an extent as to be precluded by the statute from bringing replevin" for these goods. 1 Comp. Laws, § 3836, requires personal property to be assessed to the owner on the second Monday of April of the year for which the assessment is made; and section 3840 provides that "no change of location or *sale of any personal property* after the first day of May in any one year shall affect the assessment made in such year." No lien had attached to these goods, and they were lawfully sold. The purchasers took them free from any obligation to pay any tax assessed against the Ferguson Company, which was still liable for the tax. There is no occasion to discuss other questions.

The judgment is reversed, and a judgment will be entered in this cause in favor of plaintiff, with damages assessed at six cents, and with costs of both courts. .

The other Justices concurred.