H. M. LOUD & SONS LUMBER CO. *v.* HAGAR.

1. TAXES—WARRANT—DIRECTION.

　A warrant for the collection of taxes is sufficient if directed to the township treasurer of a specified township and county, although it does not contain the treasurer's name.

2. SAME—ASSESSMENT IN WRONG NAME—LEVY AND SALE.

　Lands of H. M. L. & Sons Lumber Company, a corporation, were by mistake assessed to "H. M. L. & Sons," a copartnership. *Held,* that, under the curative provision of the tax law (Act No. 206, Pub. Acts 1893, § 99), the assessment was valid, and that a levy upon and sale of personal property of the lumber company to satisfy the tax was proper.

Error to Oscoda; Simpson, J. Submitted October 18, 1898. Decided November 1, 1898.

Replevin by the H. M. Loud & Sons Lumber Company against Henry D. Hagar. From a judgment for defendant, plaintiff brings error. Affirmed.

*M. J. Connine*, for appellant.

*John A. McMahon*, for appellee.

MOORE, J. Plaintiff replevied from defendant a wagon which he bought at a sale made by the township treasurer to collect a tax which the treasurer claimed the plaintiff should pay. The case was tried by a jury, who rendered a verdict in favor of defendant. The case is brought here by plaintiff, assigning a number of errors in the trial.

The tax was levied upon several descriptions of real estate, which the plaintiff claims it did not own, but that they were owned by one Vaughn. It claimed that it took the title to the land simply to secure it for advances made to Vaughn, which advances had been paid, and that it had no further interest in the land. Testimony was

given in support of this claim. The supervisor, before making the assessment, examined the records in the office of the register of deeds, and found the title to be in the plaintiff. The record shows the land was deeded to the plaintiff July 8, 1889, by warranty deed, which was recorded July 22, 1889. There is nothing to show, except a parol agreement to convey, but that the title remained in the plaintiff when the assessment was made. The plaintiff did not appear before the board of review, and represent it was not the owner of the land, but, when an attempt was made to collect the tax, it did make the claim. The judge left it to the jury to say whether the plaintiff was the owner of the land or not, and instructed them, if the plaintiff was not the owner, they must return a verdict in its favor. The verdict shows the jury found the plaintiff was the owner.

The warrant to the tax roll was directed, "To ——, Township Treasurer of the Township of Big Creek, County of Oscoda." It was signed, "James B. Markle, Supervisor of the Township of Big Creek." Objection was made to this warrant because it did not contain the name of the treasurer as well as his official title. This objection is not well taken. The precise question was raised and decided in *First Nat. Bank* v. *Township of St. Joseph*, 46 Mich. 526.

The lands were assessed on the roll to "Loud, H. M., & Sons," instead of being assessed to the H. M. Loud & Sons Lumber Company. Plaintiff insists that, while this might be a good assessment as against the land, it would not authorize the treasurer to levy upon personal property belonging to anybody except Loud, H. M., & Sons, and that, as the plaintiff corporation is not the same entity as the partnership which was assessed, the treasurer was not authorized to levy and sell property belonging to the plaintiff. Section 99, Act No. 206, Pub. Acts 1893, provides for just such a contingency as has occurred here. As already stated, the jury found the property assessed belonged to the plaintiff. The property levied upon to

satisfy the tax belonged to it.   No injustice has been done plaintiff by levying upon property belonging to it to satisfy a tax upon its property.   This question has been before this court in a number of cases, where it was decided against the contention of plaintiff.   *Petrie Lumber Co.* v. *Collins,* 66 Mich. 64; *Michigan Dairy Co.* v. *Mc-Kinlay,* 70 Mich. 574; *Hill* v. *Graham,* 72 Mich. 659; *Fletcher* v. *Post,* 104 Mich. 424; *Hinds* v. *Township of Belvidere,* 107 Mich. 664.

These are the principal questions in the case.   While the others have had attention, they will not be discussed.

Judgment is affirmed.

The other Justices concurred.