CITY OF MENOMINEE v. S. K. MARTIN LUMBER CO.

1. TAXES—ASSESSMENT—STIPULATION—APPEAL—REVIEW.

Where, upon an appeal from a judgment in *assumpsit* for taxes, it appeared that it was stipulated in the court below that the subject-matter of the action was the amount of a tax claimed to be due by virtue of an assessment assumed to have been made by the plaintiff, and that the only question presented in that court was whether, the assessment being in the name of one other than the defendant, the assessment roll was conclusive, it was *held* that the failure of plaintiff to show that the necessary proceedings were had for equalization, apportionment, and assessment could not be urged as ground for a reversal.

2. SAME—ASSESSMENT IN WRONG NAME—CURATIVE STATUTE.

An assessment of property in the name of "S. K. M.," instead of "S. K. M. Lumber Co.," does not invalidate the tax, in view of the provision of section 99, Act No. 206, Pub. Acts 1893, that no tax assessed upon any property shall be held invalid on account of the property having been assessed without the name of the owner, or in the name of any person other than the owner, where it does not prejudice the property rights of the person whose property is taxed.

3. SAME—ASSUMPSIT BY CITY.

A city may maintain *assumpsit* against the owner of personal property to recover taxes assessed thereon, though the assessment, through a mistake, was made in the name of one other than the owner. *Township of Bangor* v. *Smith Transportation Co.*, 112 Mich. 601, followed.

Error to Menominee; Stone, J. Submitted October 21, 1898. Decided January 3, 1899.

*Assumpsit* by the city of Menominee against the S. K. Martin Lumber Company to recover a tax on personal property. From a judgment for plaintiff, defendant brings error. Affirmed.

This is an action of *assumpsit*, brought to recover taxes

claimed to be due from the defendant for the year 1894. The property assessed was lumber situated in the city of Menominee.   The declaration alleges that the assessment appears upon the roll to S. K. Martin, and that through a mistake the assessor omitted the words "Lumber Company." It is conceded that the lumber belonged to the defendant.   Upon the trial it was stipulated that the subject-matter of the action was the amount of a tax claimed to be due by virtue of an assessment assumed to be made by the city in 1894.   The stipulation then sets out the record of the assessment, as follows: "S. K. Martin, Chicago; 3,500 M. lumber; true cash value, $14,000; true cash value fixed by the board of review, $14,000." Upon the trial plaintiff was permitted to show, and the court found as a fact, that the assessor knew that the property belonged to defendant, and that the entry "S. K. Martin" was erroneously made instead of "S. K. Martin Lumber Company." The court entered judgment for plaintiff.

*Sawyer & Waite*, for appellant.

*L. D. Eastman*, for appellee.

GRANT, C. J. ( *after stating the facts* ).    1. It is first urged that the finding and judgment are erroneous because plaintiff did not show that the necessary proceedings for equalization, apportionment, assessment, etc., were had.    Under the stipulation, the record, and the findings and opinion of the circuit judge, we must conclude that this point was not raised in the court below, and that the sole question before the court was whether, the assessment being to S. K. Martin, the assessment roll was conclusive. We are therefore of the opinion that this contention cannot be sustained.

2. This suit is brought by the city, and not by the treasurer.    The suit can, therefore, be maintained, under *Township of Bangor* v. *Smith Transportation Co.*, 112 Mich. 601.

3. Was the tax record, showing an assessment to S. K.

Martin, conclusive, and did it prevent the collection of the tax from the real owner? This question has frequently been before the court, and ruled against the defendant's contention. *Bradley* v. *Bouchard*, 85 Mich. 18, and authorities there cited; *Fletcher* v. *Post*, 104 Mich. 424. The provision of the statute will be found in these opinions. Defendant relies on *Township of Laketon* v. *Akeley*, 74 Mich. 695. That suit was brought by the township treasurer. It was held that the power of the treasurer to bring suit was limited by the statute to the person "to whom the tax is assessed." We hold that that decision does not apply to a suit instituted by the authority of the township to recover the debt, under *Township of Bangor* v. *Smith Transportation Co.*, *supra*.

Judgment affirmed.

The other Justices concurred.