TOWNSHIP OF HOMER *v.* SMITH.

TAXATION—PERSONS LIABLE—TRUSTEE.

Where property is assessed to its true owner, a corporation or association, and not to its trustee, the tax cannot be collected from the trustee; section 3826, 1 Comp. Laws, providing that for assessment purposes a trustee may be treated as owner, and section 3922, relating to errors in assessments, not being applicable.

Error to Jackson; Peck, J. Submitted October 12, 1905. (Docket No. 49.) Decided October 31, 1905.

Assumpsit in justice's court by the township of Homer against Hugh L. Smith, trustee of the Electric Oil Stove Company, for the taxes of 1900. Plaintiff had judgment and defendant appealed to the circuit court by writ of certiorari. There was judgment for defendant, and plaintiff brings error. Affirmed.

This suit, an action of assumpsit, was begun in justice's court in August, 1901, by the supervisor of Homer township, in the name of the township. Defendant filed a plea

in abatement, verified by his affidavit, to the effect that he was not, when suit was begun, trustee of the Electric Oil Stove Company. An issue was made upon the plea by plaintiff's oral reply thereto, and was tried and determined upon oral and documentary testimony, adversely to the defendant. Defendant did not plead over nor take any part in the trial upon the merits, which was at once entered upon, and which resulted in a judgment for the plaintiff. The proceedings were removed to the circuit court for the county of Jackson by certiorari, and in that court the judgment was reversed and set aside, with costs of both courts to defendant. The proceedings in the circuit court are brought to this court by writ of error. The only demand asserted by plaintiff is the amount of certain taxes, and proof of the demand was made by the introduction of an assessment and a tax roll for the year 1900, from which it appeared that the Electric Oil Stove Company of Homer eo nomine was assessed as for $10,000 of personal property, and taxed for State, county, township, and school purposes, a total of $128. Interest and charges increased this amount to $140.80, which was the amount of judgment. In disposing of the matter, the judge of the circuit court made a statement, a portion of which is here set out:

"Whether the 'Electric Oil Stove Company' was a partnership, general or limited, a partnership association, or a corporation, nowhere appears in the record; nor does it appear, except by inference, where its offices or place of business was, but this assessment was made upon the theory that, whatever may have been its organization, it was the owner of personal property located in Homer, subject to assessment in that township. Upon that theory it was competent for the township authorities to pursue the course they did, viz., to assess this personal property to its owner by its proper name. The statute also provides that, where the personal property of a corporation or natural person is under the control of a trustee or agent, it may be assessed to such trustee or agent in the township where he resides, except as otherwise provided; and in my opinion, under the circumstances of this case, it would have

been legal for the township to have assessed this personal property of the Electric Oil Stove Company in the township of Homer to a trustee, provided the trustee had control of the property, and the township had chosen to do so. It is unnecessary to inquire what would have been the effect of such an assessment upon the township's right to collect the tax by suit against the trustee, as the township did not pursue that course and the assessment was not made against a trustee, but was made to the owner of the property. The statute provides ' that the president, secretary or proper accounting officer of any company or association, incorporated or unincorporated, except railroad, insurance and telegraph companies and banking corporations, the taxation of which is specifically provided for by law, shall make out and deliver to the assessor a sworn statement setting forth the property subject to assessment.' In this instance Hugh L. Smith, the defendant, made out and swore to, and delivered to the supervisor, the sworn statement, Exhibit A, which is the ordinary statement of the taxable property ' held or owned by and in the possession of the Electric Oil Stove Company of the village of Homer, in the county of Calhoun, Mich.' In the affidavit attached to this statement Mr. Smith deposes ' that he is the trustee of the Electric Oil Stove Company, and that the above statement was made by him, and is a full and true statement of all matters therein set forth, and of all the taxable property owned by the Electric Oil Stove Company liable to assessment in this assessing district.' Upon receiving this statement, the supervisor assessed the personal property therein described at the sum of $10,000 to the Electric Oil Stove Company, and not to Hugh L. Smith, trustee, and upon that assessment as a basis the justice rendered judgment, not against the owner of the property, the Electric Oil Stove Company, but against Hugh L. Smith as trustee, to whom no assessment whatever had been made.

"This is not a suit brought by the treasurer, in the name of the township, under the statute authorizing the treasurer to represent the township and bring a suit in its name. If it was, the action could not be maintained, for the reason that it is not brought against the person assessed. *Township of Laketon* v. *Akeley*, 74 Mich. 695. This suit is brought by the township and at the instance of the supervisor, and a tax record showing an assessment to the Electric Oil Stove Company would not

be conclusive and prevent the collection of the tax from the real owner. *City of Menominee* v. *Lumber Co.*, 119 Mich. 201. The effect of the decisions of the Supreme Court of this State is to establish that a misnomer of the party does not have the effect to mislead the real owner of the property, and the real owner is held subject to the same liability as though the tax had been regularly levied in the proper name. *Fletcher* v. *Post*, 104 Mich. 427. If this suit were between the township of Homer and the real owner of the property assessed, the fact that there may have been a misnomer of the party assessed, or that it may have been assessed to some one other than the true owner, would not have relieved the owner of the property from liability for the tax. But that is not the situation here. The true owner of the property was the Electric Oil Stove Company, and it was assessed to that company, which is undoubtedly liable for the tax. The effect of the judgment complained of is that it renders a party liable for the tax to whom it was not assessed, and who was not the owner of the property."

It appears, also, that the first notice defendant had of the intention of the township to look to him for payment of the taxes was when the summons was served upon him in August, 1901, at which time he was no longer trustee for the Electric Oil Stove Company.

*Howard W. Cavanagh*, for appellant.

*John W. Miner* (*Grove H. Wolcott*, of counsel), for appellee.

OSTRANDER, J. (*after stating the facts*). The facts stated in the opinion of the learned circuit judge, and above set out, are in conformity with the record. There is nothing in the record showing or tending to show that defendant was owner of the property assessed. It was not assessed to him as trustee, or otherwise. The statutes, 1 Comp. Laws, §§ 3826, 3922, and the cases, *City of Detroit* v. *Lewis*, 109 Mich. 155 (32 L. R. A. 439), and *H. M. Loud & Sons Lumber Co.* v. *Hagar*, 118 Mich. 452, relied upon by counsel for appellant, have no application here. See, also, *Township of Bangor* v. *Transportation*

*Co.*, 112 Mich. 601; *City of Menominee* v. *Lumber Co.*, 119 Mich. 201; *Township of Laketon* v. *Akeley*, 74 Mich. 695.

The judgment of the circuit court was right, and it is affirmed.

MOORE, C. J., and MCALVAY, GRANT, and BLAIR, JJ., concurred.