CITY OF ROCKLAND *vs.* LUCY C. FARNSWORTH, EX'X.

Knox. Opinion December 18, 1913.

*Administratrix. Assessors. Collectors. Debt. Identity. Jurisdiction. Property. Revised Statutes, Chapter 10, Section 31. Taxes.*

In an action of debt to recover the State, county and city taxes of 1907, 1908 and 1909, assessed against the defendant, it is

*Held:*

1. That, "this not being a case where the defendant's person or property is levied upon by direct warrant from the assessors, but being, instead, an action for the tax, the action will not be defeated by any mere irregularities in the election of assessors or collector, or in the assessment itself, but only by such omissions or defects as go to the jurisdiction of the assessors, or deprive the defendant of some substantial right, or by some omission of an essential prerequisite to the bringing of the action."

2. That, the assessment being against "Lucy C. Farnsworth, Executrix of Estate of James R. Farnsworth" in 1907 and 1909, and against "Lucy C. Farnsworth Ex'x" in 1908, when in fact she was administratrix of the estate with will annexed, was an error made harmless by R. S., chap. 10. sec. 31.

3. That "personal estate $10,000" was a sufficient designation of the property assessed.

4. The interlineation of the tax of 1907, in the assessment record is sufficiently explained. In copying from the inventory to the assessment record this tax was evidently omitted and when the omission was discovered, it was remedied. Such errors are correctible.

5. As the duties and powers of the special administrator appointed on November 28, 1905, ceased upon the appointment of the defendant as administrator with the will annexed on January 22, 1907, the personal property of the estate was, in the eye of the law, in the legal possession of this defendant on April 1, 1907, and taxable to her, whether the special administrator had, in fact, at that time turned over the assets of the estate to her or not.

6. That the notice to taxpayers under R. S., chap. 9, sec. 73, is not a condition precedent to a valid assessment.

7. That the tax collector elected by the city government to fill the vacancies after the resignation of the collectors for 1907 and 1908 was, at least, collector de facto if not de jure, and it would seem that, under the city charter, he was collector de jure. But in this form of proceeding, whether the collector was or not legally elected is entirely immaterial.

8. That the written direction to the city solicitor instead of to the collector, to bring this suit was a compliance with R. S., chap. 10, sec. 65, and combining the taxes of three years in the one notice did not invalidate it.

On report. Judgment for the plaintiff for $655.00 and interest from December 1, 1910.

This is an action of debt brought by the City of Rockland against Lucy C. Farnsworth as executrix of last will and testament of James R. Farnsworth, who resided in said Rockland at the time of his decease, to recover for taxes assessed against her for the years of 1907, 1908 and 1909, amounting to $670.00. Plea, general issue.

At the conclusion of the evidence, the case was reported to the Law Court for determination, upon so much of the evidence as may be legally admissible.

The case is stated in the opinion.

*E. K. Gould,* for plaintiff.

*J. H. Montgomery,* for defendant.

SITTING: SAVAGE, C. J., SPEAR, CORNISH, KING, BIRD, PHILBROOK, JJ.

CORNISH, J. Action of debt to recover the State, county and city taxes of 1907, 1908 and 1909, alleged to have been duly assessed against the defendant, as representative of the estate of James R. Farnsworth, deceased.

As was said by this court in the recent case of *Greenville* v. *Blair,* 104 Maine, 444: "This not being a case where the defendant's

person or property is levied upon by direct warrant from the assessors, but being, instead, an action for the tax, the action will not be defeated by any mere irregularities in the election of assessors or collector, or in the assessment itself, but only by such omissions or defects as go to the jurisdiction of the assessors, or deprive the defendant of some substantial right, or by some omission of an essential prerequisite to the bringing of the action." The absence of forfeiture has given rise to this liberal rule, which is adhered to in the collection of taxes by suit.

The defendant urges the following points:

I. WRONG CHARACTERIZATION OF PERSON ASSESSED.

In 1907, the assessment is against "Lucy C. Farnsworth, executrix est. James R. Farnsworth;" in 1908, "Lucy C. Fransworth Executrix," and in 1909, "Lucy C. Farnsworth executrix estate of James R. Farnsworth." In fact she was administratrix of the estate with will annexed. So far as the years 1907 and 1909 are concerned the variance is immaterial. The identity is admitted and the intention of the assessors to assess Lucy C. Farnsworth, as legally representing the estate of James R. Farnsworth, is not controverted. This being so the error in characterization is no defence. *Farnsworth Co.* v. *Rand,* 65 Maine, 19; *Bath* v. *Reed,* 78 Maine, 276. It was an error made harmless by R. S., chap. 10, sec. 31.

The assessment list of 1908 contained simply the designation, "Executrix," without naming the estate. We do not think this is fatal. R. S., chap. 10, sec. 31, above referred to provides: "nor shall any error, mistake or omission by the assessors, collector or treasurer, render it (the assessment) void." This is construed with great liberality, because it is important that all persons and estates liable to taxation should pay their just proportion of the public charges and not escape because of harmless errors and frivolous objections.

The omission here neither goes to the question of jurisdiction nor does it deprive the defendant of any substantial right. Under the statute "the personal property of deceased persons in the hands of their executors or administrators, not distributed, shall be assessed to the executors or administrators." R. S., chap. 9, sec. 13, Par. VIII. This gives the required jurisdiction. The assessors acted within their legal rights and powers in assessing the personal estate of the late James R. Farnsworth to the legal representative.

So far as the defendant's substantial rights are concerned, they were in no wise affected by the omission in the assessment roll, of the name of the estate. The tax was a matter between the city and herself. The city knew of what estate she was executrix. The assessment of 1908 was only a repetition of the assessment of the preceding year in which the estate was named. Moreover, the inventory of the polls and estate for this same year 1908, gave the full designation "Lucy C. Farnsworth executrix estate of James R. Farnsworth." The error crept in when the transcription was made from the inventory to the assessment roll; and the statute before referred to was broad enough to cover errors of omission as well as of commission. *Tyler* v. *Inhabs. of Hardwick,* 6 Met., 470. The defendant could have had no doubt as to the estate for which she was taxed; and had she been in doubt, an examination of the city records would have given her the desired information.

The requirements are that the person shall be liable to taxation, and be in fact the person intended to be taxed under that designation. The defendant was personally liable for the tax. *Fairfield* v. *Woodman,* 76 Maine, 350; *Dresden* v. *Bridge,* 90 Maine, 489-493; and the identity was admitted. The slight omission complained of, was, under the facts of this case, entirely harmless.

2   INSUFFICIENT DESIGNATION OF PROPERTY ASSESSED.

The assessment each year was simply on "personal estate $10,000." But in this method of collection we think that is sufficient. The record shows the amount of personal estate liable to taxation to have been far in excess of the amount stated. Were is otherwise that fact would not be available to the defendant in this form of action. *Bath* v. *Whitmore,* 79 Maine, 182; *Rockland* v. *Rockland Water Co.,* 82 Maine, 188.

Her right of appeal is also gone because she had not handed in the preliminary list of taxable property which is made by law a prerequisite to such appeal. What difference does it make in this suit whether the ten thousand dollars of personal estate consisted of notes, or bonds, or cash, or a certain portion of each. She owes this debt none the less, and the characterization of that property could neither add to nor take from her legal rights; nor increase nor diminish her legal burdens. Moreover she, and not the assessors, knew of what it did consist. It is with ill grace that she complains

of the meagreness of the description when she and not the assessors had it in her power to make it accurate and complete by filing the list required by law.

In the case of assessment of tax upon real estate, neither a description of the property, nor a separate valuation in case of various parcels is necessary under like circumstances. *Tobey* v. *Wareham,* 2 Allen, 594; *Cressey* v. *Parks,* 76 Maine, 534; *Rockland* v. *Ulmer,* 84 Maine, 503; *Foxcroft* v. *Campmeeting Association,* 86 Maine, 78.

For even stronger reasons an assessment of personal property in gross should not be held to invalidate a tax. The assessors might perhaps by searching the Registry of Deeds, obtain a description of real estate, but the description of the classes of personal property owned by a tax payer is almost wholly inaccessible to them and lies in the knowledge of the tax payer. In *Dresden* v. *Bridge,* 90 Maine, 489, the personal estate was assessed and valued in gross in the original assessment and the supplemental assessment was also in gross. The court held that the former covered the latter but raised no objection to the assessment made in gross. The precise question arose in *Noyes* v. *Hale,* 137 Mass., 266, and the assessment was held valid. *Sweetsir* v. *Chandler,* 98 Maine, 145, cited by the defendant, involves a different question. The original assessment in that case specified 92 shares of National bank stock, (return of which had been made to the assessors by the officers of the bank) and "money at interest in excess of debts." A supplemental tax was afterwards laid upon certain specified bonds, stock and scrip, contained in an inventory filed in the Probate Court. The court held that the supplemental assessment for stock and scrip would lie, but not for bonds as they were included in the original assessment under the phrase money at interest. "This record shows," reads the opinion, "that money at interest was assessed and we think such an expression was broad enough to cover all forms of interest-bearing securities, whether represented by notes or bonds or otherwise." This was a partial grouping of items and so far as it goes sustains rather than contravenes our view of the law. Precisely the same language "money at interest in excess of debts" was used in the inventory in the case at bar in each year but was condensed to "personal estate" in the assessment record. The second point cannot be sustained.

3.  INTERLINEATION IN THE ASSESSMENT OF 1907.

This was made in the handwriting of one of the assessors who was out of the State at the time of the trial, and therefore did not explain it; but the explanation is obvious. The inventory is in evidence and is in regular form and order. In copying from the inventory to the assessment record it is evident that this tax was omitted, and when the mistake was discovered, the interlineation was made in accordance with the facts. This was all done before the commitment to the collector. Such errors are correctible. *Eliot v. Prime,* 98 Maine, 48.

4.  NO PERSONAL PROPERTY OF JAMES R. FARNSWORTH SHOWN TO
     HAVE BEEN IN THE HANDS OF THE DEFENDANT.

It appears that James R. Farnsworth died on May 9, 1905. The defendant was appointed administratrix of his estate June 20, 1905, and gave bond, but filed neither inventory nor account. Litigation arising, and a will apparently having been discovered, Joseph E. Moore was appointed special administrator on November 28, 1905. On November 20, 1906, the special administrator filed an inventory in the Probate Court showing personal property, consisting of stocks and bonds to the amount of about $130,000. This inventory also shows that cash to the amount of over $8000 and notes amounting to over $11,000 beside stock certificates of the value of about $5500 were received by the defendant, while she was acting as administratrix and before the special administrator was appointed. So that far more than $10,000 of personal property actually came into the defendant's hands under her first appointment and there is no evidence that any portion of it was ever distributed.

Moreover, the powers and duties of the special administrator ceased when the defendant was appointed administratrix with the will annexed on January 22, 1907, and gave bond on the same date. R. S., chap. 66, sec. 35. From that time forward, in the eye of the law she had all the goods and estate of the testator in her possession.

Physical possession was not necessary. It is true that the special administrator did not settle his final account until August 20, 1907, but his power over the estate had ceased on January 22, and the defendant had the right to then take it into her own custody. Suppose on April 1, 1907, the city of Rockland had assessed the special administrator for this estate. He could clearly have defended on

the ground that he was out of office. He was no longer the legal owner of the property.. The defendant had succeeded him and was the only person legally liable. It often happens that personal property may on April 1, be in the actual possession of a third party, but the party who really owns it and is entitled to it is the party taxable, because it is in his legal possession. The defendant therefore was legally taxable in 1907, and as she has never notified the assessors of any distribution of the estate, that liability continued through 1908 and 1909.

5. INSUFFICIENT NOTICE TO TAXPAYERS.

This notice, required by R. S., chap. 9, sec. 73, is no longer a condition precedent to a valid assessment, and an action against a taxpayer to recover the amount of his tax can be maintained even if this requirement has not been complied with. This was settled in *Boothbay* v. *Race,* 68 Maine, 351, and remains the law in this State.

6. TAX COLLECTOR NOT LEGALLY ELECTED.

· The duly elected collector for 1907 died on November 25, 1907, and one Packard was elected in his place on December 2, 1907. Packard resigned on March 16, 1908, and in September, 1908, L. F. Starrett was elected to fill the vacancy. The duly elected collector for 1908 resigned on March 15, 1909, and Mr. Starrett was elected to fill that vacancy. The defendant contends that there is no statutory provision for the resignation of a tax collector, and, therefore the plaintiff cannot recover.

Three effective answers may be made to this proposition as a defense in this case.

First: That under the charter of the city of Rockland, Priv. and Spec. Laws 1885, chap. 482, secs. 11 and 13, the collectors would seem to have a legal right to resign and their resignations having been accepted and the vacancies filled, the new incumbent would seem to be collector de jure.

Second: The new incumbent, Mr. Starrett, was at least collector de facto, and that was sufficient. *Whiting* v. *Ellsworth,* 85 Maine,. 301 ; *Greenville* v. *Blair,* 104 Maine, 444.

Third: In this mode of collecting the tax, the question whether the collector was or not legally elected is entirely immaterial. *Auburn* v.

*Union Water Power Co.,* 90 Maine, 71. If any irregularity had existed in his election it did not affect the validity of the assessment of the tax nor the obligation of the defendant to pay it, and those are the two vital points in this case. His only part in the transaction was to make demand for payment on November 26, 1910, for the taxes of 1907 and 1908, and that affected neither of these points. *Bresnaham* v. *Soap Co.,* 108 Maine, 124-7.

7. INSUFFICIENCY OF DIRECTION TO BRING SUIT.

The written direction to bring this suit in the name of the city was given by the mayor and treasurer to the city solicitor and the defendant urges that it should have been given to the collector under the provisions of R. S., chap. 10, sec: 65, which provides that "in addition to the other provisions for the collection of taxes legally assessed, the mayor and treasurer of any city, . . . may in writing direct an action of debt to be commenced in the name of such city . . . against the party liable." The statute does not prescribe the officer to whom the written direction shall be given. It might, doubtless, be given to the collector, but he, in turn, would need to notify the solicitor, the law officer of the city, and there is no reason why in such a case it cannot be given directly to the solicitor.

The purpose of this provision has been stated by this court as follows: "We think the intent of the Legislature is obvious. It is the duty of tax collectors, to collect, ordinarily at their own expense, the taxes committed to them for the compensation agreed upon. They may proceed by any of the methods provided by statute, and, if they deem it advisable, they may commence actions of debt in their own name. But there may be occasions when for special reasons, such as the denial of liability, a question as to the validity of the assessment and for other reasons, it would be equitable and proper for the city or town to allow a suit to be brought in its name, pay the expenses and be liable for costs in case of defeat. As to the sufficiency of these reasons in any case the selectmen of the town are the sole judges." *Orono* v. *Emery,* 86 Maine, 362.

The defendant further contends that a separate written direction should have been given for each year's tax and not one direction covering the taxes against the defendant for the three years. This

is too technical. It is true that a general written direction to a collector to bring suit against all delinquent tax payers is insufficient as not carrying out the clear intention of the statute, in that it practically transfers to the collector the power to exercise the judgment and discretion in particular cases which the statute has reserved to the superior officers, *Cape Elizabeth* v. *Boyd,* 86 Maine, 317; and the particular parties against whom suit is to be brought should be named, *Orono* v. *Emery,* 86 Maine, 362. In the case at bar the particular party is named and the delinquent taxes of the particular years are specified. They could as well be joined in one notice as the claims thereunder are in one writ.

As none of the objections raised to the maintenance of this action can be sustained, the plaintiff is entitled to judgment for the unpaid tax of each year with interest from the date of demand, December 1, 1910.

Interest should not be allowed from the various dates alleged in the writ as those fixed by the city government for the payment of taxes because the evidence fails to show that those dates were fixed or that they were determined upon when the money was raised. *Rockland* v. *Rockland Water Co.,* 82 Maine, 188; *Rockland* v. *Ulmer,* 87 Maine, 357.

> *Judgment for plaintiff for $655 and interest from December 1, 1910.*