JAMES M. PENDLETON, Collector *vs.* FRANCES V. BRIGGS, Executor.

FEBRUARY 17, 1915.

PRESENT: Johnson, C. J., Parkhurst, Sweetland, Vincent, and Baker, JJ.

*(1) Taxation. Evidence. Records.*

A board of tax assessors is not required by statute to keep a record of its doings.

*(2) Taxation. Evidence. Records.*

In an action to recover a tax under Gen. Laws, cap. 60, § 28, where it appeared that the original notice of the tax assessors had been lost, a copy of the notice printed in a public newspaper was properly admitted in evidence, supported by the testimony of the town clerk that the notice for the year in question was authorized by the tax assessors and that a copy was furnished by him to the newspaper for publication and other copies posted in three public places and that the notices published and posted were true copies of the original.

*(3)   Taxation.   Public Officials.   Engagement.*

A certificate of the engagement of a public official is only evidence that the proper oath has been administered, which fact can be established by oral testimony.

Tax assessors as sworn officers of the law are entitled to the presumption that their official acts have been properly performed until the contrary is proved.

*(4)   Tax Assessors.   Organization.*

Formal organization of a board of tax assessors is not necessary where it appears that the assessors were elected, took the usual engagement and assembled and discharged their duties.

*(5)   Taxation.   Notice.*

The vote of a town ordered a tax to be assessed on or before October 1.   The notice of the assessors called for the bringing in of accounts of all ratable estate describing and specifying the value of each and every parcel of the real and personal estate, and stated that "for the purpose of receiving such account said board will be in session   .   .   .   on September 30 and October 1, 1908, from 9 o'clock A. M., to 4 o'clock P. M.   For the purpose of assessing said tax the board will meet at said office on September 30 at 4 o'clock, P. M., and all real estate will be taxed to the persons or bodies corporate in whose name it stands at that time."

The tax roll bore the date of September 30, and there was evidence that both the real and personal estate were assessed at the same time, and that the date of such assessment appeared upon the tax roll.

*Held,* that it was not material to the taxpayer when the assessors performed their work provided there was nothing done or omitted which deprived a defendant of some substantial right.

*Held,* further, that it appeared the work of assessing the tax was performed within the time ordered by the town and that the taxpayers had ample notice of the time when and the place where they should make returns and that the posting of the notices was sufficient.

*Held,* further, that it was apparent it was the intention of the assessors to tax both real and personal property at the same time, and the information relative to the taxing of the real estate did not warrant the assumption that the notice as a whole referred only to real estate.

*(7)   Taxation.   Actions to Recover Tax.*

An action to recover a tax cannot be defeated by mere irregularities which do not go to the jurisdiction of the assessors or deprive the defendant of some substantial right.

*(8)   Taxation.   Warrant to Collector.   Actions.*

In an action to recover a town tax it appeared that plaintiff had continuously for many years held the offices of town treasurer and collector of taxes. The warrant authorizing him to collect a tax was directed to him as town treasurer and required him to collect the tax "according to law and to pay the same into the treasury of said town" "and for so doing this shall be your sufficient warrant."

*Held,* that the fact that plaintiff was named in the warrant as town treasurer was immaterial.

(9)   *Taxation.   Tax Collectors.   Actions.*

Irregularities existing in the election of a tax collector do not affect the validity of the assessment or the obligation of a taxpayer to pay the tax.

(10)   *Taxation.   Bonds of Collectors.   Actions.   Evidence.*

Where a town treasurer was directed to collect the taxes by the duly executed warrant of the town, whether or not he has given a sufficient bond to the town is not material, in an action brought by him to recover such tax.

(11)   *Taxation.   Assessment.*

A tax assessment "X. deceased, estate of, B. executrix" sufficiently indicates that the property is taxed to the executrix, as required by Gen. Laws, Cap. 57, § 9, the rest of the entry being merely descriptive.

ACTION to recover tax under Gen. Laws, 1909, cap. 60, § 28.   Heard on exceptions of defendant and overruled.

VINCENT, J.   This is an action brought under Section 28 of Chapter 60 of the General Laws, 1909, to recover the amount of certain taxes assessed against the estate of Peleg Clark, late of Westerly, deceased, for the years 1905 to 1912, both inclusive.   By agreement of parties the case was tried in the Superior Court without a jury and a decision was rendered for the plaintiff in the sum of $400.93, covering the taxes for the years 1908 to 1911, both inclusive, and the accrued interest thereon, the plaintiff having conceded at the trial that all taxes prior to 1908 were uncollectable and that the tax for 1912 has been paid.

The defendant claims that the evidence shows certain irregularities, omissions and errors in the proceedings, preliminary to the collection of the tax, which are sufficient to render the tax for each of the years mentioned invalid.   The defendant alleges (1) that it does not appear by any record that the board of assessors ever organized before proceeding to discharge the duties of their office; (2) that it does not appear by any certificate that the assessors were duly engaged and sworn to the faithful performance of their duties; (3) that the tax was not assessed at the time ordered

by the financial town meeting; (4) that the assessors did not post notices of the time and place of their meeting in three public places in the town; (5) that the notices having specified that the real estate would be taxed to the person in whose name it stood at a certain time, without mentioning the personal estate in the same connection, gives rise to the implication that the personal estate would not be taxed at the same time as the real estate; (6) that the notices set forth the intention of the assessors to assess a tax at a time preceding that on which the taxpayers might bring in their accounts; (7) that the assessors did not sign and date the assessment roll; (8) that the warrant directs the town treasurer to collect the tax instead of the collector; (9) that the collector did not give a sufficient bond; and (10) that the tax was not assessed to the defendant as executrix as required by statute.

At the financial town meeting holden on May 12, 1908, it was voted that a tax of $1.50 on each and every $100 be assessed upon and collected from the real, personal, and ratable estate in the town, and that the assessors be instructed to assess such tax upon the inhabitants and ratable property of the town on or before the first day of October, 1908.

At the financial town meetings holden on the 11th day of May, 1909, the 10th of May, 1910, and the 9th of May, 1911, similar votes were passed levying a tax for those years, respectively, and directing that the same be assessed on or before the first day of October following.

In the year 1908, the assessors posted notices and a copy thereof appeared as an advertisement in the Westerly Sun, a public newspaper published in Westerly, such notices being in form as follows:

"Town of Westerly.          Tax Assessors' Notice, 1908.

WHEREAS: The qualified electors of the town of Westerly, on the 12th of May, A. D. 1908, ordered a tax of $1.50 on each and every $100 of the real and personal ratable estate in said town to be assessed on or before the 1st day of October, A. D. 1908, and the undersigned have also

prescribed such time for the assessment of said tax. Now, therefore, notice is hereby given that in accordance with said órder, and in conformity with the law in relation to the assessment of taxes, every person and body corporate liable to taxation is required to bring into the tax assessors' office a true and exact account of all ratable estate, describing and specifying the value of each and every parcel of his real and personal estate. For the purpose of receiving such account said Board of Assessors of Westerly, will be in session at the Town Clerk's office, in said town, on Wednesday, September 30th, and Thursday, October 1st, 1908, from 9 o'clock A. M. to 4 o'clock P. M.

For the purpose of assessing said tax the Board of Assessors will meet at said office on Wednesday, September 30th, 1908, at 4 o'clock P. M., and all real estate will be taxed to the persons or bodies corporate in whose name it stands at that time.

SAMUEL M. SHARP,
JOHN J. CARNEY,
C. EDWIN GOVE, JR.,

*Assessors.*

WESTERLY, R. I.                    August 27th, 1908."

Notices for the years 1909, 1910 and 1911 contained similar information as to when the board of assessors would be in session to receive accounts and also that the board of assessors for the purpose of assessing the taxes would be in session September 30, at 4 o'clock P. M., in each of those years.

(2)     The original notices for the years 1908 and 1909, according to the testimony of the town clerk, had been lost, presumably in the moving of the town clerk's office from one building to another. Under these conditions the plaintiff offered in evidence copies of the Westerly Sun in each of which appeared the printed copy. of the notice in question. The town clerk testified that the notices for the years 1908 and 1909 were authorized by the board of assessors,

that copies thereof were furnished by him to the newspaper for publication and that other copies were posted up in three public places and that the notices published and posted were true copies of the original notices. These notices given by the board of assessors for the two years mentioned required the taxpayers of the town to bring in an account of their ratable property and designated certain dates when the assessors would be present at their office for the purpose of receiving the same.

The defendant contends that the tax assessors being required by law to assess and apportion the taxes and to post notices of the time and place of their meeting, etc., that the only competent evidence that they had performed those duties must be found in their records and that in the absence or non-existence of such records the plaintiff cannot be allowed to prove by other evidence that the assessors had properly performed the duties required of them by the statute.

(1) We cannot adopt this view of the defendant. We know of no statute requiring a board of assessors to keep a record of its doings. The original notices for the years 1908 and 1909 having been lost, we see no reason why their authorization and publication cannot be established by the other evidence which the plaintiff offered.

Some exceptions of the defendant relating to taxes for the years 1905 and 1906 need not be considered inasmuch as the defendant pleaded the statute of limitations, which applied to all taxes prior to the year 1908 and the plaintiff abandoned the collection of all such prior taxes and they are not included in the judgment which the plaintiff has now obtained.

In answer to the defendant's contention that there is no record that the board of assessors have met and organized (3) preliminary to the discharge of the duties of their office and that it does not appear in evidence that a certificate of their engagement was ever given to them it is perhaps sufficient to refer to the case of *Greenough* v. *Board of Canvassers*, 33 R. I. 559, in which this court said: ''The assessors of taxes are

sworn officers of the law, and are entitled to the presumption that their official acts have been properly performed, until the contrary is proved." It may be added, however, that in the case at bar there is testimony that the assessors were sworn to the faithful performance of their duties, although it does not appear affirmatively that a certificate to that effect was delivered to them. However that may be the certificate would only be evidence that the proper oath had been administered to them which ·in the present case has been established by oral testimony which is undisputed.

As to the failure of the board of assessors to organize before proceeding to discharge their duties, we do not think that any formal organization would be necessary, it appearing in evidence that the assessors were elected, that they took the usual engagement, and that they assembled and discharged their duties as such assessors.

The vote of the. town ordered the tax to be assessed on or before October 1st.

It was said in *Franklin, Collector* v. *Warwick & Coventry Water Co.*, J. T. W. No. 1114, quoted at length in *Matteson* v. *Warwick & Coventry Water Co.*, 28 R. I. 570: "In assessing a tax upon the property liable ·to taxation in any town or city two references to time must inevitably be made.

"1st. Some point of time must be taken to which the values of all property shall be referred simultaneously, and the value of each piece of property at that point of time must be estimated and affixed to it.

"2nd. Some period of time must be occupied by the assessors in the work of. receiving statements making the estimation of values, reckoning the tax and writing out and filing the roll.

"Both of these times may be called the 'time of making the assessment' or the 'time for assessing the tax,' but one is important to the taxpayer and ·the other is not. It is obviously immaterial to the taxpayer when or during what period of time the work of the board of assessors is performed, except that portion of it which consists in receiving

his return, but it is of the utmost importance to him to have his property valued as of the same time with other property in the town, and to know the exact time the assessors had in mind when fixing its value."

The defendant objected to the admission of certain testimony offered by the plaintiff for the purpose of showing the date when the tax was assessed, claiming that notwithstanding the vote of the town ordering the assessment to be made on or before the first day of October and that the tax roll bore the date of September 30, the tax had not actually been assessed at that time; and further that the notice to taxpayers issued by the assessors failed to state any time for the assessment of taxes upon personal property. There is evidence, however, to the effect that both the real and personal estate was assessed at the same time and that the date of such assessment duly appeared upon the tax roll for the respective years. The notice called upon every person and body corporate liable to taxation to bring into the office of the assessors a true and exact account of all ratable estate describing and specifying the value of each and every parcel of his real and personal estate. These notices further designated certain dates, within the period specified by the town in which the assessment should be made, when the assessors would attend at their office for the purpose of receiving such accounts and included the statement that all real estate would be taxed to the person in whose name it stood on September 30, at 4 o'clock P. M.

(7) It must be borne in mind in the consideration of these questions that an action for the recovery of a town tax cannot be defeated by mere irregularities which do not go to the jurisdiction of the assessors or deprive the defendant of some substantial right. *City of Rockland* v. *Farnsworth*, 89 Atl. 65; *Inhabitants of Sandy River Plantation* v. *Lewis et al.*, 84 Atl. 995; 37 Cyc. 1245.

It does not seem to us to be material to the taxpayer when the board of assessors performs its work provided there is nothing done or omitted which deprives the defendant of

some substantial right. In the case at bar it appears that the work of assessing the tax was performed within the time ordered by the town in each of the years in question and that the taxpayers had ample notice of the time when and the place where they should make their returns.

The town clerk testified that the notices to taxpayers to bring in their accounts were posted each year in the town clerk's office, in the post office and upon advertising boards throughout the town. In the case of *Seabury* v. *Howland,* 15 R. I: 446, this court held that the posting of notices on a school house, on a building formerly used as a grain building and on a board six feet long and ten inches wide, fastened on the roadside wall, was a sufficient posting of notices to comply with the statute requiring notices to be posted in three public places.

Taking up the question as to whether the notice given by the assessors covered the matter of personal property, we find that the town passed a vote ordering that a tax be "assessed upon and collected from the real, personal and ratable estate" of the town, and that the notice given to the taxpayers to bring in their accounts refers to such vote and recites the fact that thereby the town had "ordered a tax of $1.50 on each and every $100 on the real and personal ratable estate in said town to be assessed on or before the first day of October" and that every person was required to bring in "a true and exact account of all ratable estate describing and specifying the value of each and every parcel of his real and personal estate." These notices contained the further information that real estate would be taxed to the person in whose name it should stand on September 30, at 4 P. M. It is apparent from this notice that it was the intention of the assessors to tax the ratable property, both real and personal at the same time. The added information that the real estate would be taxed as it stood upon a certain date and hour does not furnish any basis for the assumption that the notice, as a whole, referred only to real estate.

Mr. Pendleton, the plaintiff, has continuously for many years held both the office of town treasurer and collector of taxes. The warrant authorizing him to collect the tax for each of the years involved was issued to him as town treasurer and required him to collect the tax "according to law and the votes of said town and to pay the same into the treasury of said town as required by the votes of said town," and declared further that "for so doing this shall be your sufficient warrant," etc. The plaintiff, therefore, as collector entered upon the collection of the taxes for the years named, equipped with the duly executed warrant of the town. The fact that the plaintiff is named in the warrant as town treasurer instead of collector does not seem to us to be important. It has been held in many cases that the warrant need not contain the name of the officer if it sufficiently describes him. *Keith* v. *Freeman*, 43 Ark. 296; *Loud* v. *Hagar*, 118 Mich. 452; *Dinsmore* v. *Westcott*, 25 N. J., Eq. 470. And that if any irregularity had existed in his election it did not affect the validity of the assessment of the taxes nor the obligation of the defendant to pay it. *City of Rockland* v. *Farnsworth*, 89 Atl. 65.

It appears from the testimony that the faithful discharge of the duties of the treasurer and perhaps some other town officers was secured by the bond of a fidelity insurance company. Whether or not the bond given secured the town against the default of the treasurer in paying over the moneys collected from the taxpayers does not seem to us to be a question necessary to be discussed in the present case. The giving of a bond by a collector of taxes is for the security of the town and is not a matter in which the individual taxpayer has any direct interest unless the default of the collector would render the taxpayer liable to again pay his tax. In the present case the taxpayers are called upon to pay their taxes to the town treasurer who proceeds to collect them under the duly executed warrant of the town, and whether or not such collector has given a sufficient bond to the town is not important to the taxpayer as it is at once apparent

that the town could not under such conditions be permitted to collect the tax again.

The defendant contends that in the present case the taxes were not assessed against the proper party and in accordance with Section 9 of Chapter 57 of the General Laws of 1909, or in other words, that they were not assessed against the executrix, but against the estate of the testator. We do not see any merit in that contention. The assessment reads "Clark Peleg, deceased, Estate of, Frances V. Briggs, Executrix," and it sufficiently indicates that the property is taxed to the executrix, the rest of the entry being merely descriptive.

The defendant's exceptions are all overruled and the case is remitted to the Superior Court with direction to enter judgment for the plaintiff upon the decision.

*Harry B. Agard,* for plaintiff.
*John J. Dunn, Waterman & Greenlaw,* for defendant.
*Charles E. Tilley,* of counsel.