G. Russell Ramsden, *Tax Collector vs.* John Ford.

JULY 15, 1958.

PRESENT: Condon, C.J., Roberts, Andrews, Paolino and Powers, JJ.

POWERS, J. This is an action of the case brought by the tax collector for the city of Cranston to recover personal property taxes assessed against the defendant. Two of the years in which the taxes were assessed and for which recovery is sought were more than six years prior to the commencement of the suit and the defendant pleaded the statute of limitations.

Under the provisions of general laws 1956, §9-24-27, the case has been certified to us by the justice of the eighth judicial district court on the following question: "Is an action, on behalf of a municipality for the collection of personal property taxes, barred by the statute of limitations properly pleaded, when such action was not commenced after the accrual of the cause thereof within the time the statute provides such action shall be commenced and sued, and not after?"

The plaintiff is city treasurer and holds office as tax col-

lector pursuant to the provisions of G. L. 1956, §44-7-6. The personal property taxes for which recovery is sought were assessed in the years 1938, 1939, 1954 and 1955 and the plea relates to the assessments of the two former years only.

General laws 1956, § 44-7-12, provides: "The collector of any tax may recover the amount thereof in an action of the case against the person taxed, if a resident of this state, and in the declaration it shall be sufficient to set forth that the action is to recover a specified sum of money, being a tax assessed against the defendant, specifying the town in which said tax was assessed and the time of ordering and assessing the same."

No citation of authority is necessary for the well-established principle that in carrying out its governmental functions the state exercises its sovereignty and when doing so it is not subject to statutes of limitations unless it has expressly waived its immunity or must be deemed to have done so by necessary implication.

This court has previously affirmed the principles that the state may by appropriate legislation assign certain of its governmental functions to the several municipalities, cloaking them with its sovereignty, and that the levy, assessment and collection of taxes are governmental functions. See *City of Newport* v. *Horton,* 22 R. I. 196, *Horton* v. *City Council,* 27 R. I. 283, and *In re Warwick Financial Council,* 39 R. I. 1.

In *McTwiggan* v. *Hunter,* 19 R. I. 265, it is stated at page 270: "The power to exempt property from taxation is the converse of the power to determine what property shall be the subject of taxation; the selection of certain property for the purpose of taxation being the exclusion or exemption of that which is not selected. It is, therefore, included necessarily in the power to tax, which resides in the State alone, and consequently can be exercised only by the General Assembly, representing the sovereign power of the

State, acting within the limitation of the Constitution, or by the several cities, towns or other municipal bodies, in pursuance of lawful authority granted to them by the General Assembly." See also *Brown University* v. *Granger*, 19 R. I. 704.

Article IV, sec. 10, of the constitution of this state provides: "The general assembly shall continue to exercise the powers they have heretofore exercised, unless prohibited in this Constitution." In discussing this article and in citing a plethora of the decisions of this court, it is stated in *City of Providence* v. *Moulton*, 52 R. I. 236, at page 244: "These authorities prove that cities and towns have no inherent right of local government."

This sweeping and unqualified declaration may be subject to some modification by the adoption of article XXVIII of the amendments, referred to as the home rule amendment, but be that as it may, the problem does not arise here since §5 of such article expressly reserves the power to levy, assess, and collect taxes to the general assembly. See *Opinion to the House of Representatives*, 79 R. I. 277.

The specific issue in the question certified to us is whether or not the city treasurer acting in his capacity as collector is subject to the applicable statute of limitations, G. L. 1956, § 9-1-16, the pertinent provision of which is: " * * * all actions of the case except for words spoken and for injuries to the person * * * shall be commenced and sued within six (6) years next after the cause of action shall accrue, and not after."

Although the English statutes of limitations were early incorporated in the establishment of the colonial legal system, the question before us does not require a consideration of the relevant statutes prior to the adoption of the state constitution. In public laws 1844, the first compilation of public laws enacted pursuant to the adoption of

the constitution, it is provided at page 220, being section 1 of an act entitled "An Act for the limitation of certain Personal Actions," that "* * * all actions of account and upon the case * * * shall be brought and commenced within six years after the cause of the said actions, and not after * * *." It is to be observed that the significant provisions of this act do not differ materially from those of §9-1-16, *supra*. Then as now the general assembly employed the all-embracing word "all."

It was not until 1855 that they first provided the remedy of a suit at law in an action of the case for the collection of municipal taxes. In an act entitled "An Act to regulate the Assessing and Collecting of Taxes," P. L. 1855, sec. 33, p. 1165, it is provided: "The collector of any tax may recover the amount of any tax in an action of the case against the person taxed, before the court of common pleas or supreme court, and in the declaration it shall be sufficient to set forth that it is to recover           being a tax assessed against the defendant in the town of           specifying the time of ordering and assessing said tax * * *."

It is apparent that there have been no material changes in the terms of either the remedy in question or the applicable statute of limitations since the former was first enacted in 1855.

We are of the opinion that a legislative grant of municipal authority to exercise a portion of the state's sovereignty should be strictly construed. By providing that the right of a municipal tax collector to sue for the collection of taxes should be by an action of the case at a time when such an action was required to be brought within six years and not thereafter, the general assembly expressly intended that the remedy should be subject to the limitation prescribed in the statute. It is the remedy that is lost if not exercised within the prescribed time, and there is no question of sovereign immunity being waived expressly or by necessary implication, since pursuit of the remedy out of

time by the city collector is not an exercise of the state's sovereignty. See *Pendleton* v. *Briggs,* 37 R. I. 352.

For the reasons stated, our answer to the question as certified is in the affirmative, and the papers in the case are ordered sent back to the eighth judicial district court for further proceedings.

*Everett C. Sammartino, Adolph N. Anderson, Jr.,* for plaintiff.

*John C. Bourcier,* for defendant.

*City of Providence,* amicus curiae, *William E. McCabe,* City Solicitor, *James J. Corrigan,* Assistant City Solicitor.