**Richard M. COHEN, et al.,**

v.

**Thomas HARRINGTON, et al.**

**No. 97–165–Appeal.**

Supreme Court of Rhode Island.

Jan. 8, 1999.

Kevin A. McKenna, Providence, for plaintiffs.

Richard G. Riendeau, John T. D'Amico, Jr., Providence, Richard B. Wooley, William G. Brody, Providence, Joseph P. Carroll, Woonsocket, William G. DeMagistris, Philip M. Sloan, Jr., John T. Gannon, Mark P. Welch, Pawtucket, Steven T. Hartford, Westerly, Christopher E. Fay, Cranston, Walter' J. Kane, Harrisville, Bruce E. Vealey, Cranston, for defendants.

Present WEISBERGER, C.J., and LEDERBERG and BOURCIER, JJ.

## OPINION

BOURCIER, Justice.

This case comes before us on the plaintiffs' appeal from a Superior Court final judgment declaring G.L.1956 chapter 34 of title 44, constitutional. Chapter 34 provides an alternative to the traditional personal property tax for motor vehicles. The plaintiffs, who are from different municipalities within the State of Rhode Island, believe that chapter 34 of title 44, which permits a motor vehicle tax that varies according to each municipalities' personal property tax rate—is unconstitutional.[1]

---

1. Although at the outset of this litigation, there were plaintiffs from thirty-nine different municipalities, that number has dwindled to fewer than ten after the city and town solicitors in the respective municipalities attempted to depose many of the plaintiffs originally involved.

The General Laws permit motor vehicles to be taxed either through the traditional ad valorem personal property tax or through what the statute refers to as an "excise tax." *See* chapter 34 of title 44, "Excise on Motor Vehicles and Trailors." The tax statutes in question read as follows:

"44–34–1. Motor vehicle and trailer excise tax.—There is hereby created an excise tax on motor vehicles for the state of Rhode Island. The cities and towns are hereby authorized to administer and collect the excise on registered motor vehicles and trailers in lieu of property tax."

"44–34–2. Assessment—Valuation—Proration—Abatement and cancellation—Exemption from tax.—(a) Except as hereinafter provided, the tax assessors of each city and town shall assess and levy in each calendar year on every vehicle and trailer registered under chapter 3 of title 31 for the privilege of the registration, an excise measured by the value thereof, as hereinafter defined and determined."

The valuation of motor vehicles, for the purposes of that so-called excise tax, is determined by the Rhode Island State Vehicle Value Commission. Those values are set for each motor vehicle based on its make, model, and year and are standard throughout the state. After those valuations are determined, the individual municipalities, pursuant to § 44–34–2, apply the personal property tax rate that is applicable in that municipality to the valuation determined by the state commission. Thus, for any particular make, model, and year of a vehicle, the tax on it may vary according to the municipality in which it is located because although the valuation is the same statewide, the rate applied to that valuation varies throughout the state.

The General Laws further provide that nonpayment of that tax results in the inability to register a motor vehicle. General Laws 1956 § 31–3–4 provides:

"Proof of payment of sales or use tax.— Each person before obtaining an original or transferral registration for a motor vehicle in this state shall furnish evidence that any tax due with reference to the

motor vehicle pursuant to the provisions of chapters 18 and 19 of title 44, has been paid in accordance with regulations prescribed by the tax administrator, and on such forms as shall be approved by the tax administrator and the state registrar of motor vehicles. The registrar of motor vehicles shall, upon the request of the tax administrator, and after due hearing by the tax administrator, suspend or revoke a motor vehicle registration of any person who shall fail to pay any tax due in connection with the sale, storage, use, or other consumption of such motor vehicle pursuant to the provisions of chapters 18 and 19."

The plaintiffs, in their complaint filed in the Superior Court, seek damages, a declaratory judgment, and injunctive relief based on their challenges to the motor vehicle tax scheme set forth in chapter 34 of title 44. They assert initially that the statute violates the due process and equal protection clauses of our Rhode Island Constitution as well as the United States Constitution because, they argue, excise tax rates are required to be uniform throughout the state.[2] Further, they posit that it is a violation of the equal protection clauses of the Rhode Island and United States Constitutions that some municipalities, but not all municipalities, offer tax exemptions to handicapped and/or older persons. Additionally, plaintiffs contend that prior to enacting chapter 34 of title 44, the General Assembly failed to comply with the mandate of article 4 section 15 of the 1843 Rhode Island Constitution and also that the trial justice erred in refusing to certify the plaintiffs as a class for purposes of litigating the plaintiffs' action.

■ Because it assists in our resolution of the plaintiffs' initial concerns involving the due process and equal protection clauses of our constitution and the United States Constitution, it is important to point out that at the hearing before this Court, plaintiffs' counsel conceded that if the tax provided for in chapter 34 of title 44 was found to be a property tax, the differing tax rates in the various municipalities would not create a due process or equal protection problem.

**2.** They allege both procedural and substantive    due process violations.

We agree with that conclusion. Counsel further asserted, however, that because non-payment of this tax impedes vehicle registration which is a privilege granted by the state, and because the General Assembly has named it as such, this tax is an "excise tax." With that contention, however, we disagree. We conclude, notwithstanding that the tax does impinge upon the privilege of vehicle registration, that based upon its method of application as set forth in chapter 34 of title 44, this tax is not an .excise tax, but is instead a property tax. Accordingly, we need not address specifically plaintiffs' arguments with respect to the alleged due process and equal protection violations but address only the plaintiffs' excise tax contention.

The plaintiffs place great weight on the fact that the General Assembly labeled the tax an excise tax. In *Automobile Club of Oregon v. State of Oregon*, 314 Or. 479, 840 P.2d 674, 682 (Or.1992), the court said "the character of a levy is determined by its function, not by the label the legislature attaches to it." Our own Court has said, "[a]s a general proposition of statutory construction, titles do not control the meaning of statutes. 2A Sands, *Statutes and Statutory Construction* § 47.03 (4th ed.1973). *** Further, the title of an act *** cannot control or vary the meaning of a statute where that statute is unambiguous." *Orthopedic Specialists, Inc. v. Great Atlantic & Pacific Tea Co.*, 120 R.I. 378, 383–84, 388 A.2d 352, 355 (1978). Thus, regardless of the nomenclature used by the General Assembly, it is the nature of the tax itself that determines whether the tax is an excise tax or a property tax.

"The line that separates an excise tax from a property tax is a difficult one to draw, and courts have not fully succeeded in developing a truly useful definition of either concept." *Weaver v.. Prince George's County*, 281 Md. 349, 379 A.2d 399, 403 (Md.App.1977). However, the Maryland court has explained more recently that:

"[I]t has been held that where a tax is levied directly by .the Legislature without assessment and is measured by the extent to which a privilege is exercised by a taxpayer without regard to the nature or value of his assets, it is an excise. Where, however, the tax is computed upon a valuation of the property and is assessed by assessors, and where the failure to pay the tax results in a lien against the property it is a property tax, *even though a privilege might be included in the valuation."* *Montgomery County v. Waters Landing Limited Partnership*, [99 Md.App. 1] 635 A.2d 48, 55 (Md.App.1994), (quoting *Weaver*, 379 A.2d at 404). (Emphasis added.)

In *Montgomery*, the Maryland court held that the tax in question, a tax imposed before a building permit is issued for a development, was an excise tax because it was not based on the value of the property but on the size and type of the development. Thus, the tax was essentially on the use of the property and not on the mere ownership of the property itself.

The tax we are concerned with here, however, differs from the tax in *Montgomery*, because it is incidental to the ownership of the motor vehicle, as demonstrated by the fact that it is based on the value of the motor vehicle, and not on the extent or manner in which the vehicle is used. Although a person cannot renew the registration of a motor vehicle or transfer ownership of the vehicle without paying the tax, registration of the vehicle is not revoked immediately upon non-payment of the tax.[3] That is because the tax is not specifically for the privilege of registering.[4] Although the collection of that tax impinges upon the ability of one to register his or her motor vehicle, the tax itself actually is based on a uniform value for the particular motor vehicle, which is determined by a statewide commission. The actual assessment of the tax in the individual municipalities is thereafter levied according to the particular tax rates used for other municipal personal property taxes. The collection of

---

3. We note that because the registration is not revoked immediately but is merely not permitted to be renewed, there is no procedural due process violation.

4. The registration fee a person pays when registering one's motor vehicle is the actual payment for the privilege of registering the vehicle. The tax affects the registration process incidentally.

the municipal property tax merely is being aided by the fact that the delinquent taxpayer cannot renew the registration of a motor vehicle for which the municipal tax levied thereon has not been paid.

Historically, the collection of motor vehicle taxes has been hampered for many reasons, notably the difficulty in collecting motor vehicle taxes due to the short six-year statute of limitations for the bringing of an action for nonpayment of taxes. In *Ramsden v. Ford,* 88 R.I. 144, 143 A.2d 697 (1958), we explained that "[i]t was not until 1855 that they first provided the remedy of a suit at law in an action of the case for the collection of municipal taxes." *Id.* at 148, 143 A.2d at 699. We further explained that "[b]y providing that the right of a municipal tax collector to sue for the collection of taxes should be by an action of the case at a time when such an action was required to be brought within six years and not thereafter, the general assembly expressly intended that the remedy should be subject to the limitation prescribed in the statute. It is the remedy that is lost if not exercised within the prescribed time ***." *Id.* Often municipalities, strapped for time and resources, would miss this deadline of six years and then would be barred from bringing an action against that taxpayer for nonpayment. Because of that harsh result, the Legislature decided that the more efficient and effective way of collecting motor vehicle taxes was to make the privilege of registering the vehicle dependent on the payment of the motor vehicle tax, thereby placing an additional incentive on taxpayers to pay their taxes. Adding an incentive to pay taxes, however, does not change the essential nature of the taxes themselves—a property tax does not become an excise tax merely because there is an additional penalty for not paying the tax. Alabama has achieved the same result with its motor vehicle tax scheme.

The ad valorem motor vehicle tax in Alabama provides that "[t]o prevent motor vehicles, within the meaning of this article, from escaping taxation and to provide for a more efficient assessment and collection of taxes

due on same, no license shall be issued to operate a motor vehicle on the public highways of this state *** ." Ala.Code § 40–12–253(a) (1975). Our tax, like the tax in Alabama, affects only a privilege associated with ownership of a motor vehicle, which, in the case of Rhode Island, is the privilege of registration. However, it remains essentially a tax on the value of the motor vehicle itself, thereby qualifying it as a property tax and not an excise tax. Also, like Alabama, the problems facing our local municipalities in collecting delinquent motor vehicle taxes prompted our General Assembly to create a new method of insuring collection, which the General Assembly concluded would be most effective if it impinged on the privilege of motor vehicle registration. The implication of that privilege, however, does not transform what is in essence a property tax into an excise tax simply because the Legislature has chosen to label the tax as an excise tax. Labeling a cat a dog certainly will not cause a cat to bark. Accordingly, since we conclude that the tax set forth in chapter 34 of title 44 is a property tax and is not an excise tax, plaintiffs' arguments with respect to equal protection and due process violations are without merit because, as conceded by plaintiffs' counsel, they are not applicable to property taxes.[5]

The plaintiffs' next argument is that contrary to article 4, section 15, of the Rhode Island Constitution of 1843, which was in effect when this action was first brought in 1982, the General Assembly failed to obtain an estimate of the revenue that chapter 34 of title 44 would generate. Section 15 of article 4 provides that:

"The General Assembly shall, from time to time, provide for making new valuations of property, for the assessment of taxes, in such manner as they deem best. A new estimate of such property shall be taken before the first direct state tax, after the adoption of this constitution, shall be assessed."

What plaintiffs fail to understand is that this section requires the tax in question be a direct *state* tax. The tax set forth in

5. The exemptions based on age and handicapped status that exist in some municipalities are also

not unconstitutional because we similarly deem this tax to be a property tax.

chapter 34 of title 44, however, is not a direct state tax but is instead a municipal tax that is assessed by the municipality, collected by the municipality, and used for municipal purposes. It is, therefore, entirely a municipal tax and not subject to the requirements of article 4, section 15, of the 1843 Rhode Island Constitution. Additionally, it is not the "first" motor vehicle property tax since such taxes have existed for as long as motor vehicles themselves have existed.

■ The plaintiffs' final argument is that the trial justice erred in not certifying them as a class, pursuant to Rule 23 of the Superior Court Rules of Civil Procedure. Before certifying a group of plaintiffs as a class, a hearing must be held and four showings must be made by the party seeking class certification: "(1) there are a sufficient number of class members to make joinder impracticable, (2) there are common legal or factual issues which can be efficiently adjudicated by the court on a classwide basis, (3) the claims of the chosen representative are typical of those of the members of the class, and (4) the chosen representative and attorney will vigorously and adequately represent the interests of all class members." *Cabana v. Littler*, 612 A.2d 678, 685 (R.I.1992).

■ After hearing on plaintiffs' motion for certification, the trial justice in this case, determined that the plaintiffs' request for certification was not timely made and that there was no showing of sufficient commonality of interests among the prospective class members to sustain the class. He therefore denied the plaintiffs' request for certification. Because we agree that the request for certification was not timely made and there was insufficient commonality of interests among the prospective class members, we affirm the decision of the trial justice. The plaintiffs in municipalities such as New Shoreham, which have a very low personal property tax rate, would certainly not have the same interest in finding chapter 34 of title 44 unconstitutional as would the plaintiffs in municipalities such as Providence, which have a much higher personal property tax rate. Most likely, the plaintiffs in New Shoreham would prefer to keep the tax laws exactly as they are, and the plaintiffs in Providence on the other hand

would have a strong desire to see those same tax laws declared unconstitutional. Accordingly, without the necessary commonality of interests, there can be no certification of a class and the trial justice was correct in denying the plaintiffs' untimely request for such certification.

For all the foregoing reasons, the plaintiffs' appeal from the final judgment entered in the Superior Court upholding the constitutionality of chapter 34 of title 44 is denied and dismissed. The judgment appealed from is affirmed. The papers in this case are remanded to the Superior Court.

Justice FLANDERS and Justice GOLDBERG did not participate.