Joseph Butera *et al. vs.* Joseph C. Ayotte *et al.*

JUNE 20, 1933.

Present: Stearns, C. J., Rathbun, Sweeney, Murdock, and Hahn, JJ.

Per Curiam. This is a bill in equity brought by two unsuccessful bidders to set aside the awards and cancel two separate contracts on the ground that the awards were made in violation of the provisions of Chapter 4 of the Revised Ordinances of the City of Woonsocket. After a full hearing, the Superior Court entered a decree dismissing the bill. The cause is here on complainants' appeal from said decree.

The Board of Aldermen of the City of Woonsocket, acting as a board of health, advertised for bids for the contract for the collection of ashes and rubbish, and for other bids for the contract for the collection of garbage. The advertisement invited bids for the separate contracts for three years and for five years and also for combined bids for the two

contracts for the same two periods. The advertisement gave notice that the Board reserved the right to reject any and all bids. The complainants and others submitted bids on one or more of these propositions.

On October 14, 1932, the bids were opened and read. On October 17, 1932, the Board of Health awarded the rubbish, ashes, etc. contract to Eugene Desrosiers, one of the respondents, for the sum of $65,000, with a proviso that satisfactory bond be filed. On the same day said Board awarded the garbage contract to Frank Bolduc for the sum of $45,000. The total amount was lower than any combined bid, and each contract was awarded to the person making the lowest separate bid for that work. On October 22, the Board rescinded the award to Bolduc because of his failure to file a satisfactory bond. Thereupon the Board found that it had awarded a contract for the removal of ashes and rubbish and that it was still necessary to make a contract for the removal of garbage. It then called into conference the bidders who had made combined bids for three and five years, requested each of them to separate their combined bids into separate bids and inquired if any one of them was willing to take the garbage contract at $45,000, the price bid by Bolduc. Ferrelli & Cesario, two of the Complainants, who had submitted a bid of $53,000 for the garbage disposal and a bid of $121,498 for the combined contracts, refused to separate their combined bid and stated to the Board that they could not consider the garbage contract at $45,000. Butera also refused to consider any deviation from his original bid, which was $112,000 for the combined contracts. However, one Joseph Wright, who had made only a combined bid of $119,800, agreed to take the garbage contract for $45,000. The contracts of Desrosiers and Wright were approved by the Board of Health and the Mayor, and were duly executed.

The two lowest bids—$65,000 by Desrosiers and $45,000 by Bolduc—total $110,000. The awards to Desrosiers and Wright total $110,000. The lowest combined bid for both

rubbish and garbage was the bid of $112,000 made by the Butera Construction Company. The Ferrelli & Cesario bid for garbage alone was $53,000.

There is neither intimation nor charge in the bill or in the testimony of any fraud, collusion, mistake, oversight or abuse of discretion on the part of the Board in awarding either contract.

The contention of the petitioners is that the contracts of Desrosiers and Wright are illegal because these men were not the lowest responsible bidders; that the Board of Health should have rescinded the contract with Desrosiers when it appeared that Bolduc was unable to furnish a suitable bond, and should have rejected all bids and re-advertized for new bids, or—in the alternative—should have accepted the next higher bid for the garbage disposal, that of Ferrelli & Cesario for $53,000.

The Board of Health of the City of Woonsocket receives its authority from Section 13, Chapter 51, General Laws 1923. This statute provides that: "boards of aldermen shall be *ex officio* boards of health in their respective towns, and may make such rules and regulations, not repugnant to law, as they shall judge proper, for the preservation of the health of the inhabitants thereof, the prevention and abatement of nuisances, the promotion of cleanliness, etc. . . ." The Board of Aldermen, as such, has certain powers regulated by city ordinance. The power expressly conferred by statute upon boards of health includes the necessary authority to effectually perform the duties delegated to it by the State.

The respondents contend that the Board of Aldermen, when acting as a board of health, take their authority directly from the statute and that their action is not and can not be limited by a city ordinance. It is unnecessary to consider this contention. Boards of health have authority to make rules, and the Board of Aldermen of the City of Woonsocket, when acting as a board of health, have recognized—and did so in the present instance—that the

ordinance is a proper rule for their guidance. It does not appear that in awarding the contracts in question they violated any provision of the ordinance. The award of city contracts by "the Board of Aldermen, an officer, committee, commissioners or boards appointed by the City Council" are governed by Chapter 4 of the Revised Ordinances of the City of Woonsocket. Section 1 thereof provides that in cases where the sum involved will probably amount to $200 or more the Board shall advertise for sealed proposals accompanied by a bond satisfactory to "said Board of Aldermen, officer, committee, commissioners or boards." Section 1 also provides that the Board of Aldermen, etc. "may, in his or its discretion reject any or all such proposals" and that "no contract shall be made at a higher price than that of the lowest responsible bidder."

It is not suggested that the contracts were made "at a higher price than that of the lowest responsible bidder." Citations from authorities involving statutes or ordinances requiring contracts to be awarded to the "lowest bidder" or "lowest responsible bidder" are of little help in considering the ordinance in question. It should be noted that, in awarding the garbage contract to Wright, the Board did not make any change in the specifications for doing the work. The complainants are not seeking to save money for the city; on the contrary they are endeavoring to obtain contracts at higher prices than those demanded by other responsible bidders. The trial justice found that these complainants had an opportunity to accept the garbage contract at $45,000 and that all except Wright refused.

The Board was at liberty to award the contracts on combined or separate bids, and they found that they could save money by letting the contracts on separate bids. The trial justice found that the award to Wright was made in the exercise of sound business judgment and wise discretion. No one can justly criticize this finding. It is our opinion that in making the awards the Board did not violate the ordinance in question. In *Pope Co.* v. *Granger*, 21 R. I. 298,

this court said that unless it clearly appears that a given act of a board of health "is either beyond their jurisdiction or is a palpable abuse of their discretion, it is binding upon the city and cannot be questioned in a court of law."

The appeal is denied, the decree appealed from is affirmed and the cause is remanded to the Superior Court for further proceedings.

*Morris E. Yaraus*, for complainants.
*Eugene L. Jalbert*, for respondents.