JEAN A. COLLIER *a.k.a.* JEANNIE A. COLLIER *vs.*
RALPH D. CUCULO, *Town Treasurer.*

APRIL 23, 1964.

PRESENT: Condon, C. J., Roberts, Powers and Joslin, JJ.

ROBERTS, J. This bill in equity was brought to enjoin the respondent, as treasurer of the town of North Providence, hereinafter referred to as the town, from making any expenditure of public funds of said town for the purchase of land for use as a dump pursuant to a resolution of the town council authorizing and directing such expenditure. The cause was heard by a justice of the superior court on the complainant's prayer for a preliminary injunction, and thereafter a decree was entered denying and dismissing the

bill of complaint. From that decree the complainant has prosecuted an appeal to this court.

The only issue raised here is whether the town council acted in excess of its power in authorizing the expenditure of public funds for the purpose of acquiring real estate for use as a public dump. In urging that the council acted in excess of its power, complainant argues that such authority to so act must be conferred on the town by the legislature and that no legislative enactment has, either in express terms or by necessary implication, made such a grant of authority.

The trial justice in his decision directed attention to certain provisions of the town charter. P. L. 1950, chap. 2608, sec. 28. These provisions relate to the power of the town to preserve the public health, and the pertinent portions thereof give the town power "(a) To prevent the introduction or spreading of any infectious or contagious diseases within the town, * * *; (b) To regulate and control the disposition and handling of garbage, ashes, rubbish, or any other thing detrimental to public health or good sanitation." The trial justice concluded from those provisions that the power of the town to control the disposition of garbage would "include the right to engage actively and financially in the securing of a site at which disposition might take place." Having so concluded, he denied the prayer for preliminary injunction and denied and dismissed the complaint.

We agree with the conclusions reached by the trial justice. No contention is here made that the legislature could not validly delegate to the town council authority to acquire land for use as a public dump. Rather, the contention is that no such authority has been delegated by the legislature either in express terms or by necessary implication.

The legislature, however, in our opinion, in enacting the town charter intended to delegate to the town council authority to deal with the problem of disposal of waste ma-

terial in the interest of the public health. The charter clearly contemplates power in the town council to provide for the operation of an adequate system for collecting such waste material and for the acquisition and maintenance of a place in which it may be disposed of in a manner consistent with the preservation of the public health. Section 28 (a) and (b) of the town charter, in our opinion, vests the town council with a wide discretion as to the manner and form in which the problems of the disposition of waste material shall be solved. Whether this is to be accomplished by a mere promulgation of regulations or by active participation on the part of the town in dealing with such problems is for the town council to determine and, so long as its action remains within the scope of its authority, it is a matter with which this court cannot be concerned.

The specific question raised in the instant case is whether such authority is sufficiently broad to authorize the town to acquire land on which it will operate or maintain a public dump. We reiterate our opinion that the quoted provisions of sec. 28 of the town charter constitute a legislative grant of authority so to act. We are further convinced that the construction we thus give the provisions of sec. 28 is sound by virtue of the provisions of sec. 55 of the town charter. In that section the functions of the public works department are specified and include responsibility for a "town dump." It is our conclusion that when the provisions of sec. 55, imposing upon the department of public works responsibility for the town dump, are read with the pertinent provisions of sec. 28, it is clear that the legislature, if not in express terms, certainly by necessary implication intended to confer authority upon the town council to acquire land for use as a public dump.

The complainant's appeal is denied and dismissed, the

decree appealed from is affirmed, and the cause is remanded to the superior court for further proceedings.

*Pontarelli & Berberian, Aram K. Berberian,* for complainant.

*Michael A. Abatuno,* Town Solicitor for Town of North Providence, for respondent.