283 A.2d 672.

JOHN W. PALMER *et ux. vs.* HERBERT J. COUPER.

NOVEMBER 16, 1971.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

KELLEHER, J. The plaintiffs[1] in this civil action are residents and taxpayers of the Town of East Greenwich. The defendant is the town treasurer. This suit seeks to enjoin

---

[1]Although this litigation was commenced prior to the adoption in January 1966 of the new Rules of Civil Procedure of the Superior Court by the bringing of a bill in equity, it was not heard until June 1970. We have used the terminology of the new rules notwithstanding the fact that judgment entered is entitled "Final Decree."

the defendant as treasurer[2] from expending any of the town funds as rent for use of certain land as a town dump. The case was heard by a justice of the Superior Court and, thereafter, judgment was entered denying and dismissing the complaint. The plaintiffs prosecuted this appeal.

On April 15, 1964, the financial town meeting authorized the expenditure of $600 as a rental to be paid to Herbert W. Finn for the use of the Finn land as the town dump during the fiscal year 1964-65. This property, located within the town, has been used by the municipality and its residents as a dumping area for a period in excess of ten years. It also appears that there is a custodian of the premises who has been paid a weekly salary by the town.

This appeal presents a pure question of law. It is: Does the Town of East Greenwich have the authority to expend public funds for the lease or purchase of land to be used as a public dump?

The plaintiffs concede that G. L. 1956, §23-2-1,[3] designates the city or town councils in this state as the local boards of health and authorizes the local legislatures to promulgate such rules and regulations as they deem proper for the preservation of the inhabitants' health, the promotion of cleanliness and the prevention and control of con-

---

[2] At oral argument, it was disclosed that during the pendency of this appeal Mr. Couper had retired as town treasurer. The parties here filed a stipulation substituting the new treasurer, Otto W. Olsen, as party defendant.

[3] This section was repealed with the enactment of P. L. 1964, chap. 45. The 1964 statute transferred responsibility for the maintenance of various public health services from the municipalities to the state. Chapter 45, sec. 9 expressly provided that the effective date of the transfer was to be July 1, 1966, with the proviso that the governor may, by executive order, accelerate the actual transfer of various functions from the local health units to the State Department of Health. The record shows that the town operated the dump during the two-year hiatus between the Act's passage and the July 1966 effective date.

tagious or infectious diseases. They agree that §23-2-1 empowers the town to provide for a system for the collection of municipal waste. That is the extent of plaintiffs' concession. The plaintiffs then invoke that well-established principle which holds that powers delegated by the Legislature to a municipality are to be strictly construed and point out that nowhere can there be found any specific statutory authority permitting any municipality in this state to operate a public dump.

The plaintiffs' view that the town can collect but not deposit its waste is totally unwarranted in that it ignores past pronouncements of this court.

We must acknowledge, of course, our past adherence to the principle calling for a strict construction of powers delegated to a municipality by the General Assembly. *Ramsden* v. *Ford*, 88 R. I. 144, 143 A.2d 697 (1958). However, we have also said that a statute will not be construed to achieve a meaningless or absurd result. *Town of Scituate* v. *O'Rourke*, 103 R. I. 499, 239 A.2d 176 (1968). We will not apply the rule of strict construction and thereby effectively nullify the express grant of power given the East Greenwich Town Council pursuant to §23-2-1. The council, having been expressly commissioned to act as the local board of health, had the implied authority to do what was necessary to carry out its responsibility to protect the public health of the residents of the town.

Over 35 years ago, this court construed the statutory predecessor to the statute now under consideration. It was G. L. 1923, ch. 51, §13. Its pertinent portions read exactly as §23-2-1 did at the time the financial town meeting appropriated the money which is the subject of this litigation. In construing the 1923 statute, this court observed that once the local legislative bodies of the municipalities were obligated to act as boards of health, the powers expressly conferred upon them included the necessary

authority to effectively perform the duties delegated to them by the Legislature. *Butera* v. *Ayotte,* 53 R. I. 366, 166 A. 820 (1933). It is obvious that §23-2-1 authorized the East Greenwich Town Council to provide not only for the collection but also to acquire either through purchase or rental a location in which the collected waste may be disposed of in a manner consistent with the preservation of the public health. *See Collier* v. *Cuculo,* 98 R. I. 68, 199 A.2d 725 (1964).

The plaintiffs' appeal is denied and dismissed.

*Aram K. Berberian,* for plaintiffs.

*Peter D. Nolan,* Town Solicitor, *Leo J. Dailey,* for defendant.