326 A.2d 854.

STATE *vs.* ARAM BERBERIAN.

OCTOBER 22, 1974.

PRESENT: Roberts, C. J., Paolino, Joslin, Kelleher and Doris, JJ.

PER CURIAM. This is an appeal from a judgment of the Superior Court finding the defendant guilty of unlawfully erecting an addition to a dwelling house in the town of Charlestown without first having obtained a written permit from the Inspector of Buildings and paying the required fee for the same as provided for in ch. XLVII of the ordinances of said town. In this court the defendant contends that the town of Charlestown was without authority either to enact an ordinance requiring the procurement of such a permit before altering a building, or to penalize noncompliance with the provisions of the ordinance.

The enabling legislation, G. L. 1956 (1968 Reenactment) §23-27-1, gives town and city councils authority

to promulgate ordinances "* * * regulating the manner of constructing and equipping of all buildings and other structures within said town or city which may be erected, altered or repaired after the passage of such ordinance." Section 23-27-4 provides that such town or city councils shall have the power to penalize a violation of any ordinance enacted under the authority of §23-27-1 by a fine not exceeding $100 for each offense.

The defendant invokes the well-established rule that where the Legislature delegates powers to a municipality such powers are to be strictly construed, and argues that nowhere in the statute are the towns given any specific authority to require the procurement of such a permit prior to the alteration of a dwelling or other building. Though we concede the applicability of that rule generally, it is equally well settled that we will not construe a statute to achieve a meaningless or absurd result. In other words, we held in *Palmer* v. *Couper,* 109 R. I. 241, 283 A.2d 672 (1971), that we will not by an application of the rule of strict construction effectively nullify the express grant of power given to a town pursuant to such a statute. To hold that this statute does not authorize the town of Charlestown to require the procurement of a building permit pursuant to §23-27-1 prior to altering a dwelling or other building would be to ignore the clear intent of the Legislature.

The defendant's appeal is denied and dismissed, the judgment appealed from is affirmed, and the case is remanded to the Superior Court for further proceedings.

*Richard J. Israel,* Attorney General, *Donald P. Ryan,* Asst. Attorney General, *R. Raymond Greco,* Special Asst. Attorney General, for plaintiff.

*Berberian & Tanenbaum, Aram K. Berberian,* pro se, for defendant.